1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

| | |
|---|---|
| ANCHORAGE LENDING CA LLC, a Delaware limited liability company, | Case No. 2:24-cv-01744-BJR |
| Plaintiff, | STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER |
| v. | |
| SCOTT D. BENNETT, an individual; KATHRYN A. BENNETT, an individual; SCATE LABS, INC., a Washington corporation; TETON DIGITAL, LLC, a Wyoming limited liability company; and TRINITY 1 LLC, a Wyoming limited liability company, | |
| Defendants. | |

19    The parties hereby stipulate to the following provisions regarding the discovery of

20  electronically stored information ("ESI") in this matter:

21  **A.    General Principles**

22    1.    An attorney's zealous representation of a client is not compromised by conducting

23  discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate

24  in facilitating and reasonably limiting discovery requests and responses raises litigation costs and

25  contributes to the risk of sanctions.

26    2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P.

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

3.    Nothing in this stipulation shall be deemed to waive or limit any party's right to object to the production of certain ESI

4.    Nothing in this stipulation shall be deemed to waive or limit any party's right to move for an appropriate order pursuant to Federal Rules of Civil Procedure on the grounds of proportionality; that the sources are not reasonably accessible because of undue burden or cost; or that there is good cause for the documents' production.

**B.    ESI Disclosures**

Within 30 days of entry of this Order, or at a later date if agreed to by the parties, each party shall disclose:

1.    <u>Custodians.</u> The custodian most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2.    <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.    <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.    <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, data, custodian, electronic system or other criteria sufficient to specifically identify the

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.    ESI Discovery Procedures**

1.    <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.    <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

a.    Prior to running searches:

i.    The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

ii.    After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

iii.    The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, should generally be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

1          b.     Upon reasonable request, a party shall disclose non-privileged

2    information regarding ESI collection and production methods and protocols.

3        3.   <u>Format.</u>

4          a.     ESI will be produced to the requesting party with searchable text, in a

5    format to be decided between the parties. Acceptable formats include, but are not limited to,

6    native files, multi-page PDFs (only with load files for e-discovery software that includes

7    metadata fields identifying natural document breaks and includes companion OCR and/or

8    extracted text files), and searchable PDF.

9          b.     Unless otherwise agreed to by the parties, files that are not easily

10   converted to image format, such as spreadsheet, database, and drawing files, will be produced in

11   native format. If a document is produced in native format, a single-page Bates-stamped PDF

12   image slip sheet containing the confidential designations (if applicable) and text stating the

13   document has been produced in native format should also be provided. If documents in native

14   format require redactions, the parties may use industry acceptable software to implement native

15   redactions.

16         c.     Each document image file shall be named with a unique number (*i.e.*,

17   Bates Number). File names should not be more than twenty characters long or contain spaces.

18   When a text-searchable image file is produced, the producing party must preserve the integrity

19   of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where

20   applicable, the revision history.

21         d.     If a document is more than one page, the unitization of the document and

22   any attachments and/or affixed notes shall be maintained as they existed in the original

23   document.

24         e.     The parties shall produce their information in the following format:

25   single-page images and associated multi-page text files containing extracted text or with

26

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

1  appropriate software load files containing all information required by the litigation support

2  system used by the receiving party.

3          f.      The full text of each electronic document shall be extracted ("Extracted

4  Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII

5  text format (or Unicode text format if the text is in a foreign language) and shall be named with

6  a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding

7  production version of the document followed by its file extension).

8          4.      <u>De-duplication.</u> The parties may de-duplicate their ESI production across

9  custodial and non-custodial data sources after disclosure to the requesting party, and the

10  duplicate custodian information removed during the de-duplication process tracked in a

11  duplicate/other custodian field in the database load file.

12          5.      <u>Email Threading.</u> The parties may use analytics technology to identify email

13  threads and need only produce the unique most inclusive copy and related family members and

14  may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce

15  a less inclusive copy.

16          6.      <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that

17  only the following metadata fields need be produced, and only to the extent it is reasonably

18  accessible and non-privileged: document type; custodian and duplicate custodians (or storage

19  location if no custodian); author/from; recipient/to; cc and bcc; title/subject; email subject; file

20  name; file size; file extension; date and time created, sent, modified and/or received; and hash

21  value. The list of metadata type is intended to be flexible and may be changed by agreement of

22  the parties, particularly in light of advances and changes in technology, vendor, and business

23  practices.

24          7.      <u>Hard-Copy Documents.</u> If the parties elect to produce hard-copy documents in an

25  electronic format, the production of hard-copy documents will include a cross-reference file that

26  indicates document breaks and sets forth the custodian or custodian/location associated with

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

5

each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

8. <u>Embedded Files.</u> For the purpose of processing documents with embedded files, the parties agree to extract only embedded objects (such as linked documents, spreadsheets, or presentations) contained within the native file format, excluding any embedded images or graphical elements. This extraction should be performed using industry standard processing software with capability to selectively identify and extract non-image embedded objects, and assuring processing software attempts to OCR images contained in document, thus ensuring only relevant embedded content is produced.

9. <u>Date and Time Processing.</u> All dynamic date and time fields, and all metadata pertaining to dates and times, to the extent they contain a value, will be standardized to Pacific Standard Time (PST).

**D.    Preservation of ESI**

The parties acknowledge that they have a common law obligation, as express in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, and/or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, and/or control.

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

2.     The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created/discovered after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2) of this Agreement).

3.     Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.     Deleted, slack, fragmented, or other data only accessible by forensics.

b.     Random Access Memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.     On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.     Data in metadata fields that are frequently updated automatically, such as last-opened dates (*see also* Section (E)(5) of this Agreement).

e.     Back-up data that is duplicative of data that is more accessible elsewhere.

f.     Server, system, or network logs.

g.     Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.     Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, and Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (*e.g.*, on a server, laptop, desktop computer, or "cloud" storage).

**E.     Privilege**

1.     A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim of privilege (*i.e.*, attorney-client privileged or work-product

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

7

protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, when reasonably requested, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production. The parties can mutually agree to extend any deadline for producing a privilege log.

2.      Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents, ESI or other information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

1

Respectfully submitted this 24th day of February 2025.

2

MILLER NASH LLP

CARNEY BADLEY SPELLMAN, P.S.

3

By: */s/ Edward T. Decker*

By: */s/ Mark Rosencrantz*

4

Jesús M. Palomares, WSBA No. 51858

Mark Rosencrantz, WSBA No. 26552

Edward T. Decker, WSBA No. 57841

Teva F. Sempel, WSBA No. 54896

5

Ashley Langley, WSBA No. 54032

701 5th Ave., Suite 3600

605 5th Ave. S., Suite 900

Seattle, WA 98104

6

Seattle, WA 98104

Telephone: (206) 622-8020

Telephone: (206) 624-8300

rosencrantz@carneylaw.com

7

Fax: (206) 340-0599

sempel@carneylaw.com

jesus.palomares@millernash.com

8

edward.decker@millernash.com

Attorneys for Defendants

ashley.langley@millernash.com

9

10

Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

1

**ORDER**

2

Based on the foregoing, IT IS SO ORDERED.

3

4

ORDERED this 25th day of February 2025.

5

6

7

8

The Honorable Barbara J. Rothstein
UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

1

**DECLARATION OF SERVICE**

2      I, Jennifer Schnarr, hereby declare under penalty of perjury under the laws of the United

3   States that on this 24th day of February, 2025, I caused the foregoing to be filed with the Clerk of

4   the Court using the CM/ECF system, which will send notification of the same to all registered

5   users.

6      EXECUTED in Burien, Washington on this 24th day of February, 2025.

7
                                        */s/Jennifer Schnarr*
8                                        Jennifer Schnarr, Legal Assistant
                                        Jennifer.Schnarr@millernash.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2:24-CV-01744-BJR

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599