UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANCHORAGE LENDING CA LLC, a Delaware limited liability company,

Plaintiff,

v.

SCOTT D. BENNETT, an individual; KATHRYN A. BENNETT, an individual; SCATE LABS, INC., a Washington corporation; TETON DIGITAL, LLC, a Wyoming limited liability company; and TRINITY 1 LLC, a Wyoming limited liability company,

Defendants.

Case No. 2:24-cv-01744-JLR

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

**Noting Date: July 7, 2026**



**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

The Opposition confirms reconsideration is warranted because Defendants never dispute the Motion's (ECF 53; "MFR") grounds: that the Order **(1)** only addressed two of six badges of fraud proven against the Bitcoin Transfer; **(2)** analyzed neither the badges nor the insider-preference evidence against the Money Transfers; and **(3)** never applied the RCW 19.40.081(7)(a) burden-shift after finding "indicia of fraudulent intent." Fully briefed, dispositive theories the Order did not reach are "matters . . . overlooked." LCR 7(h)(2).

Rather than engage those grounds, Defendants re-argue the merits under the wrong standard: the "substantive evidentiary burden" they invoke is *Sedwick v. Gwinn*'s "clear and satisfactory proof" standard. Opp. at 2 & n.4. The 2017 UVTA amendments superseded that standard: preponderance governs every transfer and defense at issue. RCW 19.40.041(3); ECF 53 at 2.

## I. The Bitcoin Transfer

### A. Absent badges cannot rebut the six badges of fraud present

The Opposition, like Defendants' prior brief, leaves five of Anchorage's six badges undisputed, contesting only badge (b), stating "Scate did not retain 'possession or control' of the Bitcoins 'after the transfer' to Scott" without elaborating further. ECF 33 at 22–23; ECF 42 at 10; ECF 53 at 4–5. Defendants attack badges Anchorage never lodged against the Bitcoin Transfer (litigation; all assets; solvency; lienor assets). Opp. at 3.

The UVTA's badges are non-exclusive: "The proper inquiry is whether the badges of fraud are present, not whether some factors are absent." *In re Kern*, 2021 WL 4071848, at *15 (Bankr. D.N.J. Sept. 7, 2021) (unpublished); *Douglas v. Hill*, 148 Wn. App. 760, 768 (2009); *In re Acequia, Inc.*, 34 F.3d 800, 806 (9th Cir. 1994).

Defendants' solvency evidence goes only to badge (i), not among Anchorage's six badges. Opp. at 2–3; ECF 33 at 15–22. Courts regularly void transfers as actually fraudulent while accepting a debtor's claimed solvency. E.g., *In re Livecchi*, 2014 WL 6668886, at 11–14 (Bankr. W.D.N.Y. Nov. 20, 2014) (unpublished).



**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

**B. Defendants' "ordinary course" defense fails**

Defendants concede they made no good faith or REV showing: Scott, they say, did not "need[] to prove a defense." Opp. at 4. Instead, they raise an "ordinary course" defense under RCW 19.40.081(6)(b) for the first time; this was absent from their summary judgment brief (ECF 38) and untimely now. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It also fails textually: .081(6) applies only to insider preference claims "under RCW 19.40.051(2)," not to actual fraud under RCW 19.40.041(1)(a), Anchorage's only theory against the Bitcoin Transfer. Even so, Defendants cite no evidence that an unrecorded Bitcoin transfer to Scate's CEO was "ordinary course."

The unperformed burden shifting remains dispositive. Once the Court found "indicia of fraudulent intent" (Order at 8), the burden shifts to Scott for the required good faith and REV. RCW 19.40.081(7)(a), (8). Defendants do not defend the Order's reading of *Suess* or dispute that a distribution provides no value as a matter of law. ECF 53 at 5.

**C. The WBCA does not apply**

Defendants' RCW 23B.06.400(7) supersession argument – absent from ECF 38 – fails three ways. First, the WBCA governs claims by a corporation: RCW 23B.08.310 makes directors liable to the corporation for unlawful distributions; a judgment creditor like Anchorage cannot sue under it. *Metropolitan* dismissed a bankruptcy trustee's constructive fraud claim against shareholders related "to the unlawful nature of a stock dividend" because the trustee's "sole causes of action relating" to distributions was the WBCA. 347 B.R. 406, 410–11 (Bankr. E.D. Wash. 2006). Only Scate could bring WBCA claims against Scott.

Second, the supersession clause applies to statutes addressing "the legality of distributions"; actual-fraud turns on Scate's intent to hinder, delay, or defraud creditors, not on corporate-law solvency tests. Third, no court has adopted Defendants' reading, whereas Washington courts do cite WBCA violations to support UVTA liability. *Suess*, 2022 WL 14297047, at 13. *Straightshot* (Opp. at 4) is no better: it rejected a WBCA unlawful-distribution



**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

claim for lack of insolvency evidence while separately adjudicating the fraudulent-transfer claim on its merits, treating the statutes as distinct, not superseded. 2011 WL 1770930, at *2–3.

## II. The Money Transfers

The Opposition concedes Anchorage's reconsideration ground by never addressing **(1)** the eight unrebutted badges of fraud (including Scott ordering QuickBooks edits "before we share our financials with Anchorage," ECF 35-7); **(2)** the Order's findings establishing every insider-preference element (ECF 53 at 3–4); or **(3)** that unrebutted badges establish actual intent as a matter of law. *In re O'Gorman*, 115 F.4th 1047, 1059 (9th Cir. 2024).

Instead, Defendants assert a netting theory to defend the Money Transfers: Teton and Trinity "returned more than they received," so there is "nothing to void." Opp. at 6. Their netting theory fails under the very statute they quote. RCW 19.40.081(6)(a) protects an insider only "To the extent the insider gave new value . . . after the transfer was made." The exhibit Defendants cite shows the opposite: money came in before it went out. Teton wired Scate $30,000 on December 4, 2023, and Scate wired it back the next day. ECF 35-41 at 2 (counterparties are Teton and Scate Labs, not Trinity).

If Scate received more money than it gave the Successors when it made a Money Transfer, Scate paid (preferred) an antecedent debt instead of paying creditors. If the Money Transfer paid no debt, then Scate received nothing at the time of each transfer, and later inflows supply no value. *Kreidler v. Cascade Nat'l Ins. Co.*, 179 Wn. App. 851, 864 n.5 (2014). Either way, the transfers are voidable. And the insider-preference theory has no REV element, so the Order's "disputed fact" finding cannot preclude summary judgment. Order at 15–16; ECF 53 at 3.

Defendants' double-recovery objection confuses remedy with liability: the value offset operates "Notwithstanding voidability" and reduces only "the amount of the liability on the judgment." RCW 19.40.081(4); *Thompson v. Hanson*, 168 Wn.2d 738, 749–52 (2009). RCW 19.40.071(1)(a) caps collection, not voidability; and the Court preserved setoff for this purpose. Order at 11.



**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

## III. CONCLUSION

The Court should (1) adjudicate the actual fraud and insider-preference theories that each void the Money Transfers; (2) apply all six badges of fraud to the Bitcoin Transfer; and (3) complete the RCW 19.40.081(7)(a) burden-shift for good faith and REV.

DATED this 7th day of July 2026.

MILLER NASH LLP

*/s/ Jesús Miguel Palomares*
Jesús Miguel Palomares, WSB No. 51858
*/s/ Edward T. Decker*
Edward T. Decker, WSB No. 57841
*/s/ Elena M. Thompson*
Elena M. Thompson, WSB No. 59626
605 5th Ave. S., Suite 900
Seattle, WA 98104
Telephone: (206) 624-8300
Fax: (206) 340-0599
Email: jesus.palomares@millernash.com
edward.decker@millernash.com
elena.thompson@millernash.com
Attorneys for Plaintiff
Anchorage Lending CA LLC

*I certify that this memorandum contains 1,042 words, in compliance with the Court's Scheduling Order (ECF 54).*

**DECLARATION OF SERVICE**

I, Edgar Y. Rosales, hereby declare under penalty of perjury under the laws of the United States that on this 7th day of July, 2026, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the same to all registered users.

EXECUTED in Vancouver, Washington on this 7th day of July, 2026.

*/s/ Edgar Y. Rosales*
Edgar Y. Rosales



**Miller Nash LLP**
605 5th Ave S, Ste 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599